### T. C. QUICKEL v. CITY OF GASTONIA.

(Filed 3 May, 1916.)

**Cities and Towns—Sewerage—Nuisance—Injunction.**

>  Where a citizen of a town has built his home near the place where the town's sewer emptied into a stream, and there is evidence tending to show that the flow of water was thereafter increased by concrete streets so as to carry offensive matter and germs through the sewer, into the stream, to the injury of the health of his household, a restraining order should be granted to the hearing, it appearing, by agreement, that the town was restrained only from artificially washing its sidewalks until then.

HOKE, J., not sitting.

APPEAL by defendant from Webb, J., at chambers, continuing a restraining order until the hearing. From GASTON.

*A. L. Quickel and Carpenter & Carpenter for plaintiff.*
*Mangum & Woltz for defendant.*

CLARK, C. J. This is an action to perpetually restrain the city of Gastonia from washing its filth and organic matter into a small branch that flows through the plaintiff's lot within said city, endangering the health of himself and family and rendering the surroundings of his home unpleasant. A temporary restraining order was granted, and from an order continuing the case to the hearing the defendant appealed.

It appears that the plaintiff purchased a lot in Gastonia in August, 1911, and erected a residence thereon. This house was within town limits, but beyond the termination of the sewerage pipes. The city has constructed concrete water-tight pavements, and the plaintiff contends that the water which formerly soaked into the ground now flows off and into said branch, carrying with it offensive matter and poisonous germs. The defendant contends that the plaintiff built at that point knowing that the location was beyond the termination of the sewer pipes and that the water does not bring down noxious matter. But aside from the fact that the pavements and concrete which have been put down have increased or at least accelerated the flow of the water, in a growing town like Gastonia persons who build beyond the end of the sewer pipes have reason to expect and ask that they be accommodated, and protected against such nuisance, by an extension of the sewer pipes past their lots, if failure to do this shall prove objectionable. Whether such extension of sewerage is reasonable and whether there is a nuisance to the plaintiff are matters for the jury at the trial, upon all the testimony.

We might doubt as to the justice and propriety of granting a restraining order to the hearing, since this might require the very expense of

putting in the sewer pipes, which at the hearing might be found unnecessary by the jury. We are, however, relieved of any difficulty on this score by the fact that the plaintiff consented that the court should restrict, as it has done, the injunction to prohibit only the artificial washing off the sidewalks until the hearing, and does not require that the defendant shall take care of the water which comes naturally from rainfall or springs.

We think the restraining order, as thus modified, was properly continued to the hearing.

Affirmed.

HOKE, J., not sitting.